IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT EARL NOBLE,<br>    Plaintiff | )<br>)  C.A. No. 23-255 Erie<br>) |
| v. | )<br>)<br>)  District Judge Susan Paradise Baxter |
| THE COUNTY OF ERIE, et al.,<br>    Defendants. | )<br>) |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Plaintiff Robert Earl Noble, an adult individual residing in Erie County, Pennsylvania, initiated this civil rights action on August 28, 2023, by filing a motion to proceed *in forma pauperis* ("ifp motion") with an attached *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff's ifp motion was granted by Order dated October 4, 2023, and Plaintiff's complaint was formally docketed on that date. [ECF No. 4]. Named as Defendants are the County of Erie ("Erie County"), Erie County Executive Brenton Davis ("Davis"), and Erie County Magisterial District Judge Thomas Carney ("Carney").

Plaintiff alleges that he was criminally charged on December 30, 2022, and was released after posting $25,000.00 bond on January 3, 2023 (ECF No. 4, at ¶¶ 8-10). A preliminary hearing on Plaintiff's criminal charges was held before Defendant Carney on February 2, 2023, at which Plaintiff failed to appear. (Id. at ¶ 11). As a result, Plaintiff alleges that Defendant Carney issued "an illegal and unwarranted bench warrant" for his arrest (Id.). On February 3, 2023, Plaintiff was arrested on the bench warrant and received new criminal charges in the process, which resulted in his confinement in the Erie County Prison ("ECP") "with an excessive sanction of

1

being 'Un-bailable' for (3) three and a (½) half months." (Id. at ¶ 13). On May 16, 2023, Erie County District Judge Daniel J. Brabender, Jr., allegedly determined that Defendant Carney did not have the authority to issue the bench warrant for Plaintiff's arrest and ordered Plaintiff's immediate release from ECP. (Id. at ¶ 14).

Based on the foregoing allegations, Plaintiff claims that Defendant Carney's issuance of the "illegal" bench warrant resulted in his illegal seizure in violation of his Fourth Amendment rights and his subsequent 3½ month confinement in ECP in violation of his Eight Amendment right to be free from cruel and unusual punishment. (Id. at ¶¶ 17-19) In addition, Plaintiff asserts a Monell claim against Defendant Davis and, by extension, Defendant Erie County based on their alleged unofficial custom of allowing Erie County judges to impose "excessively high bails and excessively extreme sanctions on individuals suspected of crime." (Id. at ¶ 20). As relief for his claims, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

On November 21, 2023, Defendant Carney filed a motion to dismiss [ECF No. 7], arguing that Plaintiff's individual claims against him are barred by absolute judicial immunity and Plaintiff's official capacity claims against him are barred by Eleventh Amendment immunity. Defendants Erie County and Davis subsequently filed their own motion to dismiss on December 11, 2023 [ECF No. 12], arguing that Plaintiff has failed to state a claim against them upon which relief may be granted. Plaintiff has since filed a brief one-page response to each of Defendants' motions [ECF Nos. 14, 15]. This matter is now ripe for consideration.

## II. DISCUSSION

### A. Defendant Carney

#### 1. Absolute Judicial Immunity

It is generally accepted that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Azubuko. 443 F.3d at 303. This immunity extends to magisterial district judges such as Defendant Carney. Blackwell v. Middletown Borough Police Dept., 2012 WL 4033671, at *4 (M.D. Pa. May 30, 2012), citing Figueroa v. Blackburn, 208 F.3d 435, 441 (3d Cr. 2000); Martin v. Bicking, 30 F.Supp.2d 511, 512 (E.D. Pa 1998). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356; see also Forrester v. White, 484 U.S. 219, 227 (1988) (an act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); Cleavinger v. Saxner, 474 U.S. 193, 200 (1985) ("Nor can this exemption of the judges from civil liability by affected by the motives with which their judicial acts are performed") (citation omitted). Furthermore, judicial immunity is not forfeited because a judge committed "grave procedural errors," conducted a proceeding in an "informal and *ex parte*" manner, or performed an action that was "unfair" or controversial. Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir. 2005).

Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. As to the first exception, "the factors determining whether an act by a judge is a "judicial" one relate to the

3

nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. The Court's task is to "draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges," such as administrative acts. Forrester, 484 U.S. at 227.

Here, the alleged actions of Defendant Carney were clearly performed in his judicial capacity. In particular, Plaintiff's claims against Defendant Carney stem from his issuance of an allegedly "illegal" bench warrant after holding a preliminary hearing at which Plaintiff allegedly failed to appear. It is beyond dispute that both of these actions, the holding of a preliminary hearing and the issuance of a bench warrant, fall within the purview of Defendant Carney's duties as a magisterial district judge. See 42 Pa. C.S. § 1515(a)(4). The fact that the bench warrant was later found to have been improperly issued does not change the fact that it was issued within Defendant Carney's judicial capacity. At most, Defendant Carney's actions may have exceeded his authority, but acting in excess of authority is not nearly the same as acting in the complete absence of jurisdiction. See Stump, 435 U.S. at 359 ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by grave procedural errors"); Mireles, 502 U.S. at 13 (holding that a judge merely acted in excess of his authority in ordering police officers to use excessive force in bringing an attorney to his courtroom for a calendar call).

Based on the foregoing, therefore, Plaintiff's claims against Defendant Carney in his individual capacity are barred by the doctrine of absolute judicial immunity and will be dismissed.

**2.      Eleventh Amendment Immunity**

Suits against the state are barred by the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781, 781–82 (1978). Eleventh Amendment immunity applies to suits regardless of the relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984). The Supreme Court has held that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985), quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978). Suits against a state agency or a state department thus are considered to be suits against a state which are barred by the Eleventh Amendment. Geis v. Board of Educ. of ParsippanyTroy Hills, Morris Cnty., 774 F.2d 575, 580 (3d Cir.1985); accord Hafer v. Melo, 502 U.S. 21, 25 (1991).

"The Commonwealth [of Pennsylvania] vests judicial power in a unified judicial system, and all courts and agencies of [that system] are part of the Commonwealth government rather than local entities." Haybarger v. Lawrence County Adult Probation and Parole, 551 F.3d 193, 198 (3d Cir.2008) citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240–41 (3d Cir.2005) and Pa. Const. art. V, § 1). It is well-settled that "Pennsylvania's judicial districts ... are entitled to Eleventh Amendment immunity." Id.

The Commonwealth's unified judicial system encompasses "the courts and other officers or agencies of the unified judicial system," including "any one or more of the judges of the court ...." 42 Pa.C.S. § 301(4). Thus, they are "an arm of the state by Pennsylvania law." Erb v. Judge, 1994 WL 523203, at *2 (E.D.Pa. Sept.23, 1994); cf. Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir.2000) ("All courts and agencies of the unified judicial system, including the Philadelphia Municipal Court, are part of 'Commonwealth government' and thus are state

5

rather than local agencies.") (citations omitted). The magisterial district courts are part of the Commonwealth's unified judicial system. Erb, 1994 WL 523202 at **1-2. As such, official actions by these entities and their judicial officers are protected by Eleventh Amendment immunity. Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir.2006), citing Mireles v. Waco, 502 U.S. 9 (1991); Chilcott v. Erie County Domestic Relations, 283 Fed. Appx. 8, 10 (3d Cir. 2008); Marinkovic v. Mayor Joseph Sinnot et al., 2014 WL 1255886, at *10 (W.D. Pa. Mar. 26, 2014). Accordingly, all of plaintiff's claims against Defendant Carney in his official capacity will be dismissed.

### B.  Defendants Erie County and Davis

Plaintiff asserts a claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) against Defendants Erie County and Davis based on their "unofficially adopted 'custom' of setting excessively high bails and excessively extreme sanctions" on suspected criminals. Under Monell, municipalities and other local governmental entities, and their officials, may be held liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts fairly said to represent official policy, inflicts the injury...." Monell, 436 U.S. at 694. Importantly, the alleged "policy or custom" of the Defendants must be the "moving force" behind the constitutional violation being alleged. Berg v. County of Allegheny, 219 F.3d 261 (3d Cir. 2000).

Here, Defendants Erie County and Davis argue that they cannot be held liable under Monell because they are part of the government's legislative branch and "have no authority over the magisterial or common pleas judges, or court personnel," who are members of the judiciary; thus, they have no control over the imposition of excessive bond or sanctions of which Plaintiff complains. (ECF No. 13, at p. 6). The Court agrees.

Article V of the Pennsylvania Constitution vests the judiciary with the power to administer justice, and the judicial branch's right "to hire, fire, and supervise its employees is derived from that constitutional source." Commonwealth ex rel. Jiuliante v. County of Erie, 657 A.2d 1245, 1247 (1995). Moreover, the power to appoint court personnel is inherent in the judicial power, Sweet v. Pennsylvania Labor Relations Board (Sweet I), 457 Pa. 456, 322 A.2d 362 (1974); 42 Pa. C.S. § 2301, and "[i]t is a power that 'may not ... be policed, encroached upon or diminished by another branch of government.'" Jiuliante, 657 A.2d at 1247. "The authority to supervise and to discharge court-appointed employees is not only a necessary corollary to this appointment power but also is essential to the maintenance of an independent judiciary." Lehigh County v. PLRB, 489 A.2d 1325, 1327 (1985) (citations omitted).

Because members of the judiciary, such as Defendant Carney, are under the authority of the judicial branch, Defendants Erie County and Davis have no power or authority to govern their conduct. As a result, they cannot be held liable for "deliberate indifference towards the entrenched misconduct of the judges of Erie County" under Monell, and such claim will be dismissed.

An appropriate Order follows.